(34 Misc. Rep. 584.)

### DUNNE v. AMERICAN SURETY CO.

(Supreme Court, Trial Term, New York County. April, 1901.)

ADMINISTRATOR'S BOND—ACTION BY ADMINISTRATOR DE BONIS NON.

Under Code Civ. Proc. §§ 2606–2609, an administrator de bonis non of the estate of a decedent, appointed in place of the deceased administrator, succeeds to all the powers and duties of the latter, and may, without leave of court, sue the sureties on his predecessor's bond. where such predecessor has appropriated proceeds of the property of decedent's estate to his own use, removed to a foreign state, and died there, leaving neither personalty nor personal representatives in the state.

Action by Frank J. Dunne against the American Surety Company on the bond of deceased administrator. Judgment for plaintiff.

William P. Maloney, for plaintiff.
H. C. Willcox (D. J. M. O'Callaghan, of counsel), for defendant.

GILDERSLEEVE, J. This is an action brought by Frank J. Dunne, as administrator de bonis non of the estate of Terrance A. McCauley, sometimes known as Thomas A. Macauley, against the American Surety Company, as surety on the bond of one Daniel McCauley, now deceased, as administrator of the estate of the said Terrance A. McCauley, deceased, for an account of the administration of the said Daniel McCauley, deceased, as administrator, as aforesaid, of the estate of the said Terrance A. McCauley, deceased. The complaint demands that the said surety pay over to the plaintiff, as such administrator de bonis non, the amount found to be due, not exceeding the sum of $5,000, the amount of said bond. The case was tried before the late Justice Beekman, who died before rendering his decision, and the matter now comes up at special term, part 3, and is submitted under a stipulation that the record

taken before Mr. Justice Beekman shall stand as the record in the case as to testimony, exhibits, motions, rulings, and exceptions. I have nothing to do, however, with the rulings of Mr. Justice Beekman, which must be passed upon by the appellate court. The law of the case has been laid down by the appellate division upon an appeal from an interlocutory judgment overruling a demurrer to the complaint. The appellate court affirmed the interlocutory judgment, and laid down the following doctrine, viz.: Under sections 2606–2609 of the Code of Civil Procedure, an administrator de bonis non of the estate of a decedent, appointed in place of a deceased administrator, succeeds to all the powers and duties of the latter, and to all rights of action, whether at law or in equity, against his personal representatives; and such administrator de bonis non may, without obtaining leave of the court, sue the surety upon his predecessor's bond, conditioned to "obey all lawful decrees and orders of the surrogate's court," where such predecessor has appropriated the proceeds of property belonging to his decedent's estate to his own use, removed to a foreign state, and died there, leaving no personal property or representatives in the state of New York,—thus preventing a literal breach of the conditions of the bond. The case does not fall within section 1888 of the Code of Civil Procedure. An action upon the bond is, in such a case, an action in equity; and, semble, that in such an action the heirs at law and next of kin of the deceased administrator are not necessary parties defendant. Upon the trial of the action the defendant put in no evidence beyond showing that no leave to sue had been given to the plaintiff. This, however, has been held, as we have seen, to be unnecessary. The facts of the case, as admitted by the answer, or as conceded upon the trial, appear to be substantially as follows, viz.: Terrance A. McCauley died while a resident of this city, and his brother, Daniel McCauley, was appointed administrator of the estate of the deceased by the surrogate of this county, and gave a bond with the defendant, the American Surety Company, as surety, in the amount of $5,000. The estate consisted at least of two United States patents belonging to the said Terrance A. McCauley, which patents came into the possession of Daniel McCauley as administrator. The said administrator sold the said patents for $5,000, and received the money therefor. The administrator, at the time he became such, was a resident of Massachusetts, and had no property in this state, and there is no evidence tending to show that he subsequently acquired any property in the state. The said Daniel never took any steps towards accounting as such administrator, and died in Massachusetts without having, so far as appears, taken any action as such administrator beyond turning the assets into cash. Upon his death his son was appointed executor of his estate in Massachusetts, but said Daniel McCauley left no personal representative in the state of New York, nor had he any at the time of the trial of this action. The plaintiff, upon the death of the said Daniel McCauley, was duly appointed administrator de bonis non of the estate of the said Terrance A. McCauley, deceased, by the surrogate of this county. The said plaintiff is one of the next of kin of the

said Terrance A. McCauley, who left no wife or children. The. uncontradicted evidence of the plaintiff shows that he demanded an accounting of the executor of the estate of the deceased administrator, and that such accounting was refused. He also tried to compel said executor to account before the surrogate of this county, but the proceedings were dismissed for want of jurisdiction, as the said executor and estate of the deceased administrator were not within the state of New York. Terrance A. McCauley died in 1894, and in the same year, to wit, on May 23, 1894, the said Daniel. became administrator. Up to the time of his death, on January 8, 1898, nearly four years after his appointment as such administrator, he had taken no steps towards an accounting, and, so far as appears, still held the $5,000 that he had received as such administrator from the estate of Terrance A. McCauley, deceased. His executor refuses to account. The plaintiff claims that the deceased administrator appropriated the said sum to his own use; but of this we have no positive or absolute proof. The said administrator had never filed an inventory, or given any indication of the subsequent disposition of the said sum of $5,000 received by him from the sale of the said patents belonging to the estate of Terrance A. McCauley. The plaintiff, in spite of reasonable efforts, has never been able to get the executor or estate of the said deceased administrator within the jurisdiction of the New York courts. It is urged that, although the complaint alleges that Terrance A. McCauley left no debts, no attempt was made on the trial to substantiate this allegation. This, however, is not of much importance at the present stage of the case; for, to quote the language of Mr. Justice Rumsey (who only dissented from his colleagues upon the question of plaintiff's duty to obtain the leave of the court to sue), the rule. is that:

"The representative of the estate of Terrance A. McCauley, until it shall have been fully administered, is the administrator de bonis non, and all the rights of recovery which exist for the benefit of that estate are vested in him for the benefit of creditors, if there shall turn out to be any creditors, and, if there are no creditors, as is alleged in the complaint, then for the benefit of the next of kin who will receive the estate in due course of administration from the plaintiff."

See Dunne v. Surety Co., 43 App. Div. 100, 59 N. Y. Supp. 429.

I am inclined to think that there is sufficient evidence to sustain the material allegations of the complaint, and that, under the law of the case as laid down by the appellate division, the plaintiff is entitled to judgment.

Judgment for plaintiff.